**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| GINGER LYNN ST JOHN, | |
| Plaintiff, | |
| -vs- | CASE NO. |
| EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, CITIBANK, N.A., DISCOVER BANK, and TD BANK, N.A., | |
| Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, GINGER LYNN ST JOHN (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), CITIBANK, N.A. (hereinafter "Citibank"), DISCOVER BANK (hereinafter "Discover") and TD BANK, N.A. (hereinafter "TD Bank") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

1

## PRELIMINARY STATEMENT

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin.

Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURSIDICATION, VENUE, AND PARTIES

6.     The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Plaintiff is a natural person and resident of Seminole County, Florida, Defendants transact business within this District, and a substantial portion of the violations described in this Complaint occurred in this District.

9.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business

3

of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     Citibank is an FDIC insured national bank headquartered at 380-390 Greenwich Street, New York City, New York 10013 that upon information and belief conducts business in the State of Florida.

20.     Citibank is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

21.     Citibank furnished information about Plaintiff to the CRAs which was inaccurate.

22.     Discover is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

23.     Discover is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2

24.     Discover furnished information about Plaintiff to the CRAs which was inaccurate.

25.     TD Bank is a corporation with its principal place of business in the State of Maine and is authorized to do business in the State of Florida through its registered agent, United States Corporation Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

26.     TD Bank is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2

27.     TD Bank furnished information about Plaintiff to the CRAs which was inaccurate.

## **FACTUAL ALLEGATIONS**

28.     Plaintiff is alleged to owe a debt to Citibank, partial account number ending x4038, as to a LL Bean credit card (hereinafter "LL Bean Citibank Account"). Plaintiff does not have an account with LL Bean and never applied or gave permission to anyone to apply using her information for the LL Bean Citibank Account.

29.     Plaintiff is alleged to owe a debt to Citibank, partial account number ending x6704, as to a Brooks Brothers credit card (hereinafter "Brooks Brothers Citibank Account"). Plaintiff does not have an account with Brooks Brothers and

never applied or gave permission to anyone to apply using her information for the Brooks Brothers Citibank Account.

30.    Plaintiff is alleged to owe a debt to Discover, partial account number ending x8514, as to a credit card (hereinafter "Discover Account"). Plaintiff does not have an account with Discover and never applied or gave permission to anyone to apply using her information for the Discover Account.

31.    Plaintiff is alleged to owe a debt to TD Bank, partial account number ending x5831, as to a credit card (hereinafter "TD Bank Account"). Plaintiff does not have an account with TD Bank and never applied or gave permission to anyone to apply using her information for the TD Bank Account.

32.    Plaintiff is a victim of identity theft.

33.    In or about November 2023, Plaintiff first became aware of the Discover Account when she started to receive collection notices.

34.    In or about January 2024, Plaintiff contacted Discover to dispute the erroneous Discover Account as fraudulent and completed all documents requested by Discover regarding the identity theft.

35.    In or about March 2024, Plaintiff reviewed her credit reports and became aware of the Discover Account appearing in her credit file.

36.     Shortly thereafter, Plaintiff contacted the CRAs to dispute the erroneous Discover Account and advised it did not belong to her.

37.     Around that same time, Plaintiff also had a statement placed on her credit file regarding the fraudulent activity and to freeze her credit file:

**Personal Statements**

FILE FROZEN DUE TO FEDERAL LEGISLATION.

38.     Following her dispute in March 2024, Plaintiff did not receive dispute results from Equifax. However, upon review of her updated Equifax credit report, Plaintiff observed the Discover Account continued to be reported with a comment which stated, "consumer disputes after resolution".

39.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

40.     Equifax never attempted to contact Plaintiff during the alleged investigation.

41.     Upon information and belief, Equifax notified Discover of Plaintiff's dispute. However, Discover failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

42.     Following her dispute in March 2024, Plaintiff did not receive dispute results from Experian. However, upon review of her updated Experian credit report, Plaintiff observed the Discover Account continued to be reported with a comment which stated, "completed investigation of FCRA dispute – consumer disagrees".

43.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

44.     Experian never attempted to contact Plaintiff during the alleged investigation.

45.     Upon information and belief, Experian notified Discover of Plaintiff's dispute. However, Discover failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

46.     Following her dispute in March 2024, Plaintiff did not receive dispute results from Trans Union. However, upon review of her updated Trans Union credit report, Plaintiff observed the Discover Account continued to be reported with a comment which indicated the Discover Account was previously disputed and verified as accurate.

47.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

48.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

49.     Upon information and belief, Trans Union notified Discover of Plaintiff's dispute. However, Discover failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

50.     On or about April 2, 2024, Plaintiff obtained copies of her credit reports. Upon review, Plaintiff observed hard inquiries and personal identifying information including names, addresses, and phone numbers, which were incorrect and did not belong to her. Further, Plaintiff observed the following erroneous accounts were appearing in her credit file.

  i.     LL Bean Citibank Account, with a status of open;

  ii.    Brooks Brothers Citibank Account, with a status of open;

  iii.   Discover Account, with a status of charge off and balance of $5,977;

  iv.    TD Bank Account, with a status of charge off and balance of $310; and

  v.     SYWMC/Citibank, partial account number ending in x2503, with a status of open.

51.     On or about April 3, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 1713435177. In this report, she explained that she was a victim of identity theft, and that there were erroneous and fraudulent accounts listed in her credit report.

52.     On or about April 12, 2024, Plaintiff mailed a detailed dispute letter to Equifax, Experian, and Trans Union regarding the inaccurate reporting. In the letter, Plaintiff explained she was a victim of identity theft and that there were hard inquiries and personal identifying information appearing which did not belong to her. Further, Plaintiff explained the aforementioned accounts were fraudulent and did not belong to her. In the letter, Plaintiff included an image of her driver's license and recent billing statement as proof of identity. Plaintiff also included images of the erroneous reporting, images of the FTC Identity Theft Report, and other supporting documents.

53.     Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 1694 5351 10), Experian (9589 0710 5270 1694 5351 03), and Trans Union (9589 0710 5270 1694 5351 97).

54.     On or about April 21, 2024, Plaintiff received a response from Equifax stating the proof of identity provided "does not match the information we currently

have on your credit file" and requested additional proofs of identification despite Plaintiff having provided her current driver's license and recent billing statement.

55.    On or about May 1, 2024, Plaintiff received dispute results from Equifax which stated the Discover Account was reinserted. Plaintiff did not receive dispute results as to the other erroneous accounts. However, upon review of her updated credit report, Plaintiff observed the LL Bean Citibank Account and Brooks Brothers Account continued to be reported. To her relief, the TD Bank Account and SYWMC/Citibank, partial account number ending in x2503, were no longer appearing in her credit file.

56.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

57.    Equifax never attempted to contact Plaintiff during the alleged investigation.

58.    Upon information and belief, Equifax notified Citibank of Plaintiff's dispute. However, Citibank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

59.    Upon information and belief, Equifax notified Discover of Plaintiff's dispute. However, Discover failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

60.     On or about April 22, 2024, Plaintiff received dispute results from Experian which stated the Discover Account and TD Bank Account were verified as accurate.

61.     On or about May 2, 2024, Plaintiff received additional dispute results from Experian which stated the "information previously blocked has been reinserted to your personal credit report" and that the Discover Account was verified and updated. Further, Experian provided a copy of Plaintiff's credit report, and upon review, Plaintiff was relieved to observe none of the erroneous Citibank accounts were appearing.

62.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

63.     Experian never attempted to contact Plaintiff during the alleged investigation.

64.     Upon information and belief, Experian notified Discover of Plaintiff's dispute. However, Discover failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

65.    Upon information and belief, Experian notified TD Bank of Plaintiff's dispute. However, TD Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

66.    On or about April 21, 2024, Plaintiff received dispute results from Trans Union which stated all the aforementioned disputed accounts were deleted and her personal information was updated.

67.    On or about April 27, 2024, Plaintiff received additional dispute results from Trans Union, and to her dismay, the results stated the Discover Account and LL Bean Citibank Account were reinserted.

68.    Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

69.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

70.    Upon information and belief, Trans Union notified Citibank of Plaintiff's dispute. However, Citibank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

71.    Upon information and belief, Trans Union notified Discover of Plaintiff's dispute. However, Discover failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

72.    On or about May 13, 2024, Plaintiff obtained updated copies of her Experian and Trans Union credit reports, and to her relief, she observed that the aforementioned erroneous accounts were no longer being reported to her credit file.

73.    On or about May 13, 2024, Plaintiff obtained an updated copy of her Equifax credit report. Upon review, Plaintiff observed the Brooks Brothers Citibank Account and LL Bean Citibank Account continued to be reported. To her relief, Plaintiff observed the Discover Account, TD Bank Account, and SYWMC/Citibank, partial account number ending in x2503, were no longer appearing in her credit file.

74.    Despite Plaintiff's best efforts to have the erroneous reporting removed, Equifax continued to report fraudulent and unauthorized account(s) to Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

75.    Equifax has not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continues to parrot off the back of the furnisher(s).

76.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

77.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

     i.    Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the error(s);

   iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life. Plaintiff is being physically affected by Defendants' reluctance to fix the error(s); and

   iv.    Apprehensiveness to apply for credit due to the fear of rejection.

**CAUSES OF ACTION**

**COUNT I**
**Violation of 15 U.S.C. § 1681e(b)**
**as to Defendant, Equifax Information Services LLC (Negligent)**

78.     Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-seven (77) as if fully stated herein.

79.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

80.     Equifax allowed for Furnisher(s) to report inaccurate information on an account.

81.     Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

82.     Equifax violated its own policies and procedures by not removing the erroneous accounts to make her credit file accurate when Plaintiff provided a copy of the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

83.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

84.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

85.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, GINGER LYNN ST JOHN, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

### COUNT II
**Violation of 15 U.S.C. § 1681e(b)**
**as to Defendant, Equifax Information Services LLC (Willful)**

86.    Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-seven (77) as if fully stated herein.

87.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

88.     Equifax allowed for Furnisher(s) to report inaccurate information on an account.

89.     Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

90.     Equifax violated its own policies and procedures by not removing the erroneous accounts to make her credit file accurate when Plaintiff provided a copy of the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

91.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

92.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

93.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, GINGER LYNN ST JOHN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

**COUNT III**
**Violation of 15 U.S.C. § 1681i**
**as to Defendant, Equifax Information Services LLC (Negligent)**

94.     Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-seven (77) as if fully stated herein.

95.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

96.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

97.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

98.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

99.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, GINGER LYNN ST JOHN, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

**COUNT IV**
**Violation of 15 U.S.C. § 1681i**
**as to Defendant, Equifax Information Services LLC (Willful)**

100.    Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-seven (77) as if fully stated herein.

21

101.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

102.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

103.    As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

104.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

105.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, GINGER LYNN ST JOHN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b)
### as to Defendant, Experian Information Solutions, Inc. (Negligent)

106.   Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-seven (77) as if fully stated herein.

107.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

108.   Experian allowed for Furnisher(s) to report inaccurate information on an account.

109.   Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

110.   Experian violated its own policies and procedures by not removing the erroneous accounts to make her credit file accurate when Plaintiff provided a copy of the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

111.   As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

112.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

113.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, GINGER LYNN ST JOHN, respectfully requests that this Court award actual damages against Defendant, EXPERIAN

INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

### COUNT VI
### Violation of 15 U.S.C. § 1681e(b)
### as to Defendant, Experian Information Solutions, Inc. (Willful)

114.   Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-seven (77) as if fully stated herein.

115.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

116.   Experian allowed for Furnisher(s) to report inaccurate information on an account.

117.   Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

118.   Experian violated its own policies and procedures by not removing the erroneous accounts to make her credit file accurate when Plaintiff provided a copy

of the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

119.   As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

120.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

121.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, GINGER LYNN ST JOHN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

### COUNT VII
### Violation of 15 U.S.C. § 1681i
### as to Defendant, Experian Information Solutions, Inc. (Negligent)

122. Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-seven (77) as if fully stated herein.

123. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

124. Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

125. As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

126. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

127. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, GINGER LYNN ST JOHN, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681i
### as to Defendant, Experian Information Solutions, Inc. (Willful)

128. Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-seven (77) as if fully stated herein.

129. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed

information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

130.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

131.   As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

132.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

133.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, GINGER LYNN ST JOHN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her

attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

**COUNT IX**
**Violation of 15 U.S.C. § 1681e(b)**
**as to Defendant, Trans Union LLC (Negligent)**

134.   Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-seven (77) as if fully stated herein.

135.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

136.   Trans Union allowed for Furnisher(s) to report inaccurate information on an account.

137.   Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

138.   Trans Union violated its own policies and procedures by not removing the erroneous accounts to make her credit file accurate when Plaintiff provided a copy of the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

139.  As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

140.  The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

141.  Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, GINGER LYNN ST JOHN, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681e(b)
### as to Defendant, Trans Union LLC (Willful)

142.  Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-seven (77) as if fully stated herein.

143.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

144.   Trans Union allowed for Furnisher(s) to report inaccurate information on an account.

145.   Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

146.   Trans Union violated its own policies and procedures by not removing the erroneous accounts to make her credit file accurate when Plaintiff provided a copy of the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

147.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

148.    The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

149.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, GINGER LYNN ST JOHN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681i
### as to Defendant, Trans Union LLC (Negligent)

150.    Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-seven (77) as if fully stated herein.

151.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed

information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know Is unreliable.

152.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

153.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

154.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

155.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, GINGER LYNN ST JOHN, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC;

award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

### COUNT XII
### Violation of 15 U.S.C. § 1681i
### as to Defendant, Trans Union LLC (Willful)

156.   Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-seven (77) as if fully stated herein.

157.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

158.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

159.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

160. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

161. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, GINGER LYNN ST JOHN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## COUNT XIII
### Violation of 15 U.S.C. § 1681s-2(b)
### as to Defendant, Citibank, N.A. (Negligent)

162. Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-seven (77) as if fully stated herein.

163. Citibank furnished inaccurate account information to the CRAs, and through those CRAs to all of Plaintiff's potential lenders.

164.   After receiving Plaintiff's disputes, Citibank violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the accounts; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

165.   Plaintiff provided all the relevant information and documents necessary for Citibank to have identified that the accounts were fraudulent.

166.   Citibank did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Citibank by Plaintiff in connection with her disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

167.   Citibank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

168.   As a direct result of this conduct, action and/or inaction of Citibank, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

169.   The conduct, action, and inaction of Citibank was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

170.   Plaintiff is entitled to recover costs and attorney's fees from Citibank in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, GINGER LYNN ST JOHN, respectfully requests that this Court award actual damages against Defendant, CITIBANK, N.A., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## COUNT XIV
### Violation of 15 U.S.C. § 1681s-2(b)
### as to Defendant, Citibank, N.A. (Willful)

171.   Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-seven (77) as if fully stated herein.

172.   Citibank furnished inaccurate account information to the CRAs, and through those CRAs to all of Plaintiff's potential lenders.

173.   After receiving Plaintiff's disputes, Citibank violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the accounts; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

174.   Plaintiff provided all the relevant information and documents necessary for Citibank to have identified that the accounts were fraudulent.

175.   Citibank did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Citibank by Plaintiff in connection with her disputes of the accounts in question. Instead, it knowingly chose to follow

procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

176.   Citibank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

177.   As a direct result of this conduct, action and/or inaction of Citibank, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

178.   The conduct, action, and inaction of Citibank was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

179.   Plaintiff is entitled to recover costs and attorney's fees from Citibank in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, GINGER LYNN ST JOHN, respectfully requests that this Court award actual or statutory damages and punitive damages against

Defendant, CITIBANK, N.A., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## COUNT XV
### Violation of 15 U.S.C. § 1681s-2(b)
### as to Defendant, Discover Bank (Negligent)

180.    Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-seven (77) as if fully stated herein.

181.    Discover furnished inaccurate account information to the CRAs, and through those CRAs to all of Plaintiff's potential lenders.

182.    After receiving Plaintiff's disputes, Discover violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

183.    Plaintiff provided all the relevant information and documents necessary for Discover to have identified that the account was fraudulent.

184.    Discover did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient

evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Discover by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

185.   Discover violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

186.   As a direct result of this conduct, action and/or inaction of Discover, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

187.   The conduct, action, and inaction of Discover was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

188.   Plaintiff is entitled to recover costs and attorney's fees from Discover in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, GINGER LYNN ST JOHN, respectfully requests that this Court award actual damages against Defendant, DISCOVER BANK, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

**COUNT XVI**
**Violation of 15 U.S.C. § 1681s-2(b)**
**as to Defendant, Discover Bank (Willful)**

189.   Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-seven (77) as if fully stated herein.

190.   Discover furnished inaccurate account information to the CRAs, and through those CRAs to all of Plaintiff's potential lenders.

191.   After receiving Plaintiff's disputes, Discover violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

192.   Plaintiff provided all the relevant information and documents necessary for Discover to have identified that the account was fraudulent.

193.   Discover did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Discover by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

194.   Discover violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

195.   As a direct result of this conduct, action and/or inaction of Discover, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

196.   The conduct, action, and inaction of Discover was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

197.   Plaintiff is entitled to recover costs and attorney's fees from Discover in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, GINGER LYNN ST JOHN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, DISCOVER BANK, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## COUNT XVII
### Violation of 15 U.S.C. § 1681s-2(b)
### as to Defendant, TD Bank. N.A. (Negligent)

198.   Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-seven (77) as if fully stated herein.

199.   TD Bank furnished inaccurate account information to the CRAs, and through those CRAs to all of Plaintiff's potential lenders.

200.   After receiving Plaintiff's disputes, TD Bank violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

201.   Plaintiff provided all the relevant information and documents necessary for TD Bank to have identified that the account was fraudulent.

202.   TD Bank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to TD Bank by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

203.   TD Bank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

204.   As a direct result of this conduct, action and/or inaction of TD Bank, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

205.   The conduct, action, and inaction of TD Bank was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

206.   Plaintiff is entitled to recover costs and attorney's fees from TD Bank in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, GINGER LYNN ST JOHN, respectfully requests that this Court award actual damages against Defendant, TD BANK, N.A., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

### COUNT XVIII
### Violation of 15 U.S.C. § 1681s-2(b)
### as to Defendant, TD Bank. N.A. (Willful)

207.   Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-seven (77) as if fully stated herein.

208.   TD Bank furnished inaccurate account information to the CRAs, and through those CRAs to all of Plaintiff's potential lenders.

209.   After receiving Plaintiff's disputes, TD Bank violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to

accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

210.   Plaintiff provided all the relevant information and documents necessary for TD Bank to have identified that the account was fraudulent.

211.   TD Bank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to TD Bank by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

212.   TD Bank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

213.   As a direct result of this conduct, action and/or inaction of TD Bank, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

214.   The conduct, action, and inaction of TD Bank was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

215.   Plaintiff is entitled to recover costs and attorney's fees from TD Bank in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, GINGER LYNN ST JOHN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TD BANK, N.A., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, GINGER LYNN ST JOHN, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC,

EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, CITIBANK, N.A., DISCOVER BANK, and TD BANK, N.A., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 18th day of May 2024.

Respectfully Submitted,

***/s/ Frank H. Kerney, III, Esq.***
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
Lisa@TheConsumerLawyers.com

***/s/ Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorneys for Plaintiff*